Mr. Chief Justice Alvey
delivered the opinion of the Court:
It is difficult to perceive upon what principle of law or equity the contention of the appellant can be sustained. The sale made by Green to the appellant was vacated and set aside, because the proceeding and conduct of Green operated as a fraud upon the cestui que trusts. The sale was set aside for their relief, and the effect of setting the sale aside was that the beneficiaries were not to be in any manner bound or affected by such sale. The cestui que trusts and their rights thence stood as if ‘such sale had never been made. But such would not be the effect of vacating the sale, if the contention of the appellant were to prevail. Suppose Green had failed or refused to bring into court any part of the $n,ooo, could it be successfully contended that the appellant could rightfully claim and receive the whole of that sum out of the proceeds of any subsequent sale of the property, upon the theory that he had acquired a lien upon the property by virtue of the sale to him by the fraudulent trustee, notwithstanding the sale be set aside and declared that it should be without effect to bind the cestui que trusts ? If the claim would not be good for the whole amount, it cannot be good for a part. The purchaser was bound to know the terms of the decree under which he purchased, and he was therefore charged with knowledge that no sale made by the trustee could have validity and binding force until it was duly and finally approved and ratified by the court. The decree of the General Term required the full amount of the . purchase money received by Green to be brought into court *419 by him; and that was for the protection of the parties concerned, and especially of the appellant, in the event that the decree should be affirmed on appeal. And this is the nature and extent of the remedy for the relief of the purchaser in such case, as is clearly indicated by the Supreme Court in its opinion. The court said: “As to Kenaday, the decree denies his right to property of which he claims to be owner, and which is of the value of eleven thousand dollars. He paid that sum for it in cash to Green as trustee. It is true that there are funds in the registry of the court below, which, in the event of the affirmance of the decree, can be paid over to him, and he be'thus far reimbursed for what he paid to Green on the purchase of the property.” 134 U. S., 123.
The decree of the General Term having been affirmed, the appellant did receive the money that was in the registry of the court, and was to that extent reimbursed. And if the balance of the $11,000 could be reached and made subject to the direction of the court, the appellant would be entitled to receive that also. But clearly he has no enforceable claim whatever against the fund realized on the last sale of the property, and now in the hands of the present trustees to serve the purposes of the trust under the will of Mrs. Mac-pherson.
It follows that the order appealed from dismissing the petition of the appellant must be affirmed, with costs to the appellees.

Order affirmed.